UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Cleone Whalen
Pro-se
Plaintiff

Case No, 5:20-cv-5070

vs.

CIVIL COMPLAINT
Injunction
Nullify 2020 Oglala Sioux Tribal Elections
Declare Certification Null and Void, *ab initio*

Oglala Sioux Tribe Executive Officers
Julian Bear Runner – Oglala Sioux Tribal President
Thomas Poor Bear – Oglala Sioux Tribal Vice President
Jennifer Spotted Bear – Oglala Sioux Tribal Secretary
Ricky Gray Grass – Oglala Sioux Tribal 5th member
Mason Big Crow - Oglala Sioux Tribal Treasure

Oglala Sioux Tribal Council Members
Duane Yellow Hawk
Jim Meeks
Craig Dillion
Cora Whiting
Ryan Jumping Eagle
Beau Little Whiteman
Chancy Wilson
Valerie Kills Small - Janis
Valentina Merdanian
Lydia Bear Killer
James Cross
Richard Greenwald
Nakina Mills
Robin Tapio
Philip Good Crow
Randy Lays Bad
Jackie Siers
Sonia Little Hawk - Weston
Garfield Apple
Glen Gibbons

Oglala Sioux Tribal Election Commission
Mary Felica
Sandra Old Horse

Defendants

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

COMES NOW, Plaintiff with a cause of action, to declare the 2020 Oglala Sioux Tribal Primary and

General Election Null and Void.

1. That Plaintiff did exhaust all remedies with the Oglala Sioux Tribal Supreme Court and the Oglala Sioux Tribal Executive Committee. That this Court does have subject jurisdiction matter over the Federally Recognized Oglala Sioux Tribe. According to the United States Supreme Court, Domestic Dependent to the federal government, the Oglala Sioux Tribe is reorganized by an Act of Congress through the Indian Reorganization Act, Section 16, and duly adopted the Oglala Sioux Tribe's Constitution and By-Laws subjecting Elected Representative to all laws of the United States and to the Secretary of the Department of Interior. That the Oglala Sioux Tribe's representation is wholly dependent on Federal and State government's contract and grant, requiring authorization by duly elected officials subject to federal laws, regulations and the Major Crimes Act. That so-called Indian Law governing the Oglala Sioux Tribe is wholly enacted and enforced through laws promulgated according to Constitutional authority of the United States of America, whereby laws enacted by the Oglala Sioux Tribe, to exercise certain rights of home rule, shall not be inconsistent with Federal laws.

2. That Plaintiff is a resident of Pine Ridge, Pine Ridge Indian Reservation and a member of the Oglala Sioux Tribe and governed by Federal law, and Oglala Sioux Tribal laws, ordinances and resolutions adopted by the Oglala Sioux Tribe.

3. That the Defendants, Oglala Sioux Tribal Executive Board, Oglala Sioux Tribe Council, Oglala Sioux Tribal Election Commission and the Oglala Sioux Tribal Supreme Court appears to be in an entanglement of non-enforcement of the Oglala Sioux Tribal Constitution and the Oglala Sioux Tribe Election Code Ordinance no. 20-13. The defendants willfully demonstrated the inability to conduct a constitutional, fair and honest election for the Oglala Sioux Tribal 2020 Primary and General Election.

4. That the Constitution of the Oglala Sioux Tribe **ARTICLE VII-ELECTIONS Section 2.**

"The time, place and manner of nomination and election of councilmen and any other officers of the the council shall be determined by the tribal council by appropriate ordinances." (exhibit A pg.8).

5. Defendants, Oglala Sioux Tribal Council by vote, approved Oglala Sioux Tribe Election Code Ordinance No. 20-13 on February 25th 2020. 17 For; 0 Against; and 0 Not Voting. (exhibit B).

6. The Oglala Sioux Tribe Election Code Ordinance No. 20-13 **SECTION 5.** **ELECTION DATES** A. Time for Calling Tribal Elections.

    The Tribal Council shall officially call all tribal elections at least one-hundred-eighty (180) calendar days or six (6) months before expiration of the term of office of its current members.

    C. General Election

    The general election shall be held on the same day in November as the national election, beginning in 2020 and every two years thereafter (exhibit C p.7).

7. That Defendants, Oglala Sioux Tribal Council, failed to meet the requirement of A. Time for Calling Tribal Elections. The one-hundred-eighty (180) calendar days or six (6) month time for calling Tribal Election is on or about June 8, 2020.

8. That the Defendants, Oglala Sioux Tribal Council appointed two Election Commissioners, Mary Felica and Sandra Old Horse on June 30, 2020. (exhibit D).

9. That the third Election Commissioner Stephanie Star appointment began on July 16, 2020 by a Special Tribal council meeting. (exhibit E).

10. That Defendants, Oglala Sioux Tribal Council on July 16, 2020 Special Tribal council meeting approved the Election time frame start date of August 4, 2020 to call an election with the ending date on December 4, 2020. The start date of the election resulted in merely one-hundred-twenty three (123) calendar days in the election period. (exhibit F).

11. Plaintiff, on September 8th 2020, approximately 3:45 p.m., submitted a nominating packet to Election Commissioner Sandra Old Horse as per Election Ordinance Section 14. <u>Eligible Candidates Nominating Petitions and Prohibited Conduct K. Nominating Petitions and Letter of Intent.</u>

   i. The names of the candidates for the office of President and Vice President shall be placed on the Primary Election ballot by the Commission upon submission of :a nominating petition signed by one-hundred-fifty (150) eligible voters at large: completion of a background check; completion of a drug test; proof of enrollment; proof of residency; and a certification signed by the candidate that he/she personally requested the nominating packet. (exhibit C pg. 23 )

12. That Defendants, Election Commissioners Sandra Old Horse and Mary Felica confirmed verbally that Plaintiff's nominating packet is not accepted as there were no receipts attached as proof of a drug test. That the imposed requirement by the Election Commissioners is not stated in the Oglala Sioux Tribe Election Code Ordinance No. 20-13.

13. That Defendants, Election Commission, did receive Plaintiff's drug test on September 8, 2020.

14. That the Plaintiff, did file a complaint with the Election Commissioner on September 11, 2020 as requirements is met according to Oglala Sioux Tribe Election Code Ordinance No.20-13 Section 14 <u>Eligible Candidates, Nominating Petitions and Prohibited Conduct</u> K. <u>Nominating Petitions and Letter on Intent.</u>

   Included in the complaint is the time frame to response to the complaint and the request to be named on the ballot for the Primary Election. (exhibit G.)

15. That the Defendants, Election Commission failed to response to Plaintiff's complaint.

16. Plaintiff did enter a motion of default with the request to be placed on the ballot to the Oglala Sioux Tribe Supreme Court on September 21, 2020. Citing Oglala Sioux Tribe

Election Code Ordinance No. 20-13 **Section 25. <u>CONTEST OF ELECTIONS FILED WITH THE ELECTION COMMISSION.</u>** F. <u>Challenges to Be Decided by the Commission in Summary Judgment Fashion.</u> And Election Ordinance 20-13 G. <u>Decision of the Commission.</u> (exhibit H).

17. That Oglala Sioux Tribe Supreme Court's **FINAL ORDER** dated September 24, 2020 ruled by rescinded Election Ordinance No. 18-14 and not the current Oglala Sioux Tribe Election Code Ordinance No. 20-13. Attached to the **FINAL ORDER** is the FINDING OF FACT AND CONCLUSIONS OF LAW submitted by the Election Commissioners dated September 17, 2020 and September 21, 2020 .The Supreme Court did not rule actual violation of the Oglala Sioux Tribe Election Code Ordinance 20-13 except it is "Custom and Practice in past elections." (exhibit I ).

18. That Plaintiff did file a Motion of Reconsideration on September 29, 2020, citing the failures of the Supreme Court to rule on the current Oglala Sioux Tribe Election Code ordinance 20-13. The Supreme Court allowed the Election Commission to submit the FINDING AND FACT AND CONCLUSIONS OF LAW without argument of Law, in which the Supreme Court prepared an argument for the Election Commission. (exhibit J).

19. The Supreme Court **Final Order** motion denied for Motion of Reconsideration. (exhibit K).

20. That Plaintiff did enter a complaint with the Oglala Sioux Tribal Executive Board on October 7, 2020 as per Oglala Sioux Tribal Election Code Ordinance 20-13 p.14 E. <u>Referral to OST Executive Committee</u> : If the Supreme Court finds that a violation has occurred, the matter shall be referred to the OST Executive Committee for their action. The OST Executive will have the discretion to immediately remove the Commissioner by majority voter. Plaintiff did cite violation committed by the Election Commission and the Supreme Court's failure to rule by the Law. The Oglala Sioux Tribal Executive Board never answered the complaint in writing. (exhibit L).

21. Plaintiff did file a Affidavit of Prejudice on November 3, 2020 with the Oglala Sioux Tribe Supreme Court. Plaintiff did cite violation of Time for Calling Tribal Elections, and holding a Tribal election without Constitutional boundaries of each districts. (exhibit M ).

22. That Plaintiff did file with the Oglala Sioux Tribal Supreme Court the same time and day with Mary Red Hawk, an official observer for a candidate, affirmed violations of the Oglala Sioux Tribe Election Code Ordinance 20-13. That candidates were present at the counting of ballots. That challenge ballots were place on chair and not in a secure locked box. (exhibit N.)

    That Plaintiff did file with the Oglala Sioux Tribal Supreme Court the same time and day with Darrin Janis, a teller employee of the Election Commission. Affirmed that separate ballots for the Oglala Sioux Tribal President were delivered approximately 10:30 p.m. and elections did start at 7:00 a.m. (exhibit 0).

23. That the Supreme Court issued a garble **FINAL ORDER** on November 9, 2020, which was actually received by the Oglala Sioux Supreme Court Clerk on November 16, 2020 and issued to Plaintiff on November 17, 2020. That the **FINAL ORDER** in appropriately consolidate the three affidavits of Plaintiff, Mary Red Hawk and Darrin Janis. Each affidavit contain separate facts of violations committed in the Oglala Sioux Tribal Election Code ordinance No. 20-13 which is not addressed by the Supreme Court. (exhibit P).

## CONCLUSION

The Plaintiff's petition to run for Vice President of the Oglala Sioux Tribe, met the required signature of one-hundred-fifty (150) eligible voting members. The unfounded violation in accordance to the Oglala Sioux Tribal Election Code ordinance 20-13 disenfranchised the voters whose signatures is on the petition and other voters in the candidacy of Plaintiff.

The Oglala Sioux Tribal elections is fraudulent, Oglala Sioux Council members not upholding their own Election Ordinance passed on February 25, 2020. There is no concerns of the time frame nor

designated Constitutional boundaries for each district as per Constitution of the Oglala Sioux Tribe. The Election Commission invoking Custom and Practice to determine the eligibility of candidates, in which is not in the Election Ordinance. The Election Commission ignoring a complaint.

The Oglala Sioux Tribe Supreme Court's inadequate ruling against the Election Ordinance No.20-13. The Oglala Sioux Tribal Executive Board did ignore complaint filed.

That the Oglala Sioux Tribal Council and Oglala Sioux Tribal Executive Board are candidates for the 2020 Oglala Sioux Tribal Elections. The Oglala Sioux Tribe's governing body failed to review numerous violations in the Oglala Sioux Tribe Election Code Ordinance No. 20-13 when the Supreme Court failed to cite violations committed that directly affected the voters and candidates outcome of the 2020 Oglala Sioux Tribal Election.

Wherefore, the Plaintiff prays this Court will:

1. Grant a hearing in the Oglala Sioux Tribe's 2020 Election.
2. Grant null and void the certification of the 2020 Oglala Sioux Tribal Primary and General Elections.
3. Grant a new Oglala Sioux Tribal Election.
4. Grant to amend the Oglala Sioux Tribal Election Code Ordinance No. 20-13 through membership participation approved by the Pine Ridge Indian Agency BIA Superintendent.
5. Grant the Pine Ridge Indian Agency, BIA Superintendent oversee everyday business of the Oglala Sioux Tribe until a new election is held.
6. Grant the appointment of a special master to oversee the finances of the Oglala Sioux Tribe until the there is a newly seated governing body through a fair and honest election.
7. Grant removal of the Supreme Court from the Election Ordinance and select from each district one local membership to hear all complaints in person.
8. Grant a new election commission.
9. Grant to hold hearing at the Justice Center Court as the Justice Center is a Federal building on

Pine Ridge Indian Reservation overseen by the BIA. The plaintiff and all Defendants reside on the Pine Ridge Indian Reservation.

Dated this 20 day November, 2020

*Cleone Whalen*

Plaintiff pro-se
Cleone Whalen
P.O. Box 1687
Pine Ridge, Indian Agency
    57770
c. 605-441-6430


Defendant's place of business address
Oglala Sioux Tribe
P.O. Box 2070
Pine Ridge, South Dakota
    57770

Oglala Sioux Tribe Executive Officers
Julian Bear Runner – Oglala Sioux Tribal President
Thomas Poor Bear – Oglala Sioux Tribal Vice President
Jennifer Spotted Bear – Oglala Sioux Tribal Secretary
Ricky Gray Grass – Oglala Sioux Tribal 5th member
Mason Big Crow- Oglala Sioux Tribal Treasure

Oglala Sioux Tribal Council Members
Duane Yellow Hawk
Jim Meeks
Craig Dillion
Cora Whiting
Ryan Jumping Eagle
Beau Little Whiteman
Chancy Wilson
Valerie Kills Small - Janis
Valentina Merdanian
Lydia Bear Killer
James Cross
Richard Greenwald
Nakina Mills
Robin Tapio
Philip Good Crow
Randy Lays Bad
Jackie Siers
Sonia Little Hawk - Weston

Garfield Apple
Glen Gibbons


Defendant's place of business
Oglala Sioux Tribal Election Commission
P.O. Box 3015
Pine Ridge, South Dakota
      57770
Mary Felica-Election Commissioner
Sandra Old Horse-Election Commissioner