UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| CLEONE WHALEN,<br><br>                    Plaintiff,<br><br>     vs.<br><br>OGLALA SIOUX TRIBE EXECUTIVE<br>OFFICERS et al.,<br><br>                    Defendants. | CIV. 20-5070-JLV<br><br><br>ORDER |

## INTRODUCTION

On November 20, 2020, plaintiff Cleone Whalen filed a complaint and application to proceed in district court without prepaying fees or costs. (Dockets 1 & 2).  The complaint's caption names as defendants the Oglala Sioux Tribe Executive Officers, including five by name; the Oglala Sioux Tribal Council Members, including twenty by name; and the Oglala Sioux Tribal Election Commission, including two commissioners by name.  See Docket 1 at p. 1.  In the body of her complaint, Ms. Whalen identifies the defendants as the "Oglala Sioux Tribal Executive Board, Oglala Sioux Tribal Council, Oglala Sioux Tribal Election Commission and the Oglala Sioux Tribal Supreme Court."  Id. at p. 2.  Based on its review of the filings and for the purposes of this opinion and order, the court understands Ms. Whalen's complaint to be against the Oglala Sioux Tribe Executive Committee ("Executive Committee") and five of its officers in their official capacities, the Oglala Sioux Tribal Council ("Tribal Council")

and twenty of its members in their official capacities, and the Oglala Sioux

Tribe Election Commission ("Election Commission") and two of its

commissioners in their official capacities.  See Fed. R. Civ. P. 10(a) (requiring

that "[t]he title of the complaint must name all the parties; the title of other

pleadings, after naming the first party on each side, may refer generally to

other parties").

In her complaint, Ms. Whalen alleges the defendants failed to conduct

the Oglala Sioux Tribe's 2020 primary and general elections in accordance with

the Constitution of the Oglala Sioux Tribe and the tribe's Election Code.  See

id.  She seeks, among other things, to have this court declare the tribe's 2020

election null and void, grant a new election and appoint the superintendent of

the Bureau of Indian Affairs Pine Ridge Agency to oversee the day-to-day affairs

of the tribe until a new election is held.  See id.

On December 4, 2020, counsel for the Executive Committee and its

officers and the Tribal Council and its members filed a motion to dismiss for

lack of subject matter jurisdiction, insufficient process, insufficient service of

process and failure to state a claim upon which relief can be granted, along

with a supporting memorandum.  (Dockets 7 & 8).  On December 7, 2020,

counsel for the Oglala Sioux Tribe Election Commission and the two named

commissioners filed a separate motion to dismiss for the same reasons.

(Docket 9).  The Election Commission and two commissioners concurred in the

reasoning set forth in their co-defendants' supporting memorandum.  See id. at

p. 2.  Ms. Whalen filed a response to defendants' motions to dismiss on

2

January 6, 2021.  Counsel for the Executive Committee and its officers and the

Tribal Council and its members filed a reply on January 20, 2021.  (Docket 13).

The Election Commission and its two commissioners joined in the reply.

(Docket 14).

For the reasons given below, the court grants the defendants' motions to

dismiss (Dockets 7 & 9) and dismisses the complaint in this case without

prejudice.

**FACTS**

Ms. Whalen is a resident of the Pine Ridge Indian Reservation

("Reservation") and an enrolled member of the Oglala Sioux Tribe ("OST").

(Docket 1 at p. 2).  She alleges various violations of the tribe's Constitution and

Election Code by the defendants in carrying out the 2020 tribal election.  See

id. at pp. 2-6.  Specifically, she alleges she was improperly denied candidacy

for the vice presidency when the Election Commission denied her nomination

packet based on her failure to include a receipt of a completed drug test, as

required by tribal law.  See id. at p. 4.  She states she filed a complaint with

the Election Commission to challenge the denial of her nomination packet.  See

id.  She alleges the Election Commission failed to respond to her complaint,[1] so

she appealed to the tribe's Supreme Court.  See id. at pp.4-5.  The Supreme

---

[1]Contrary to Ms. Whalen's assertion, it appears the Election Commission
did respond to her complaint.  A copy of the Election Commission's Findings of
Fact and Conclusions of Law is attached to the Executive Committee officers'
and Tribal Council members' memorandum in support of their motion to
dismiss as Exhibit D.  See Docket 8-4.  The document is dated September 17,
2020, and denies Ms. Whalen's complaint.  See id. at p. 2.

Court ruled against Ms. Whalen.  See id. at p. 5.  The Supreme Court found the

"Election Commission acted properly and . . . no basis to order further action,"

and it therefore denied Ms. Whalen's appeal.  (Docket 8-5 at p. 2).  Ms. Whalen

subsequently filed a motion for reconsideration, which the Supreme Court also

denied.  See Docket 1 at p. 5; see also Docket 8-6.  Ms. Whalen also makes

various allegations pertaining to allegedly improper procedures used by the

Election Commission and its members during the vote count.  See Docket 1 at

p. 6.  She filed a complaint with the Supreme Court, which the Supreme Court

consolidated with two other similar complaints.  See id.  The Supreme Court

summarily dismissed that case.  See Docket 8-7.

Ms. Whalen now seeks a ruling from the district court on these matters.

As stated previously, she seeks to have this court declare the tribe's 2020

election null and void, grant a new election and appoint the superintendent of

the Bureau of Indian Affairs Pine Ridge Agency to oversee the day-to-day affairs

of the tribe until a new election is held, among other things.  See Docket 1 at

pp. 7-8.

## ANALYSIS

"Federal courts are not courts of general jurisdiction and have only the

power that is authorized by Article III of the Constitution and statutes enacted

by Congress pursuant thereto."  Winnebago Tribe of Nebraska v. Babbitt, 915

F. Supp. 157, 162 (D.S.D. 1996) (quoting Marine Equipment Management Co.

v. United States, 4 F.3d 643, 646 (8th Cir. 1993)) (internal quotation marks

omitted).  "The threshold inquiry in every federal case is whether the court has

jurisdiction[,] and the Eighth Circuit has admonished district judges to be attentive to a satisfaction of jurisdictional requirements in all cases." Id. (quoting Rock Island Millwork Co. v. Hedges-Gough Lumber Co., 337 F.2d 24, 26-27 (8th Cir. 1964) (internal quotation marks omitted); see also Oglala Sioux Tribe v. Schwarting, 894 F. Supp. 2d 1195, 1198 (8th Cir. 2012) ("It is well established that a court has a special obligation to consider whether it has subject-matter jurisdiction in every case.").

Federal statute confers original subject matter jurisdiction on federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States.," which is known as federal question jurisdiction. 28 U.S.C. § 1331. "For a case to arise 'under the Constitution, laws, or treaties of the United States,' . . . a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's cause of action." U.S. ex rel. Kishell v. Turtle Mountain Hous. Auth., 816 F.2d 1273, 1275 (8th Cir. 1987). It is not enough to create federal question jurisdiction simply that "a case involves an Indian party or contract or tribal or individual Indian property, or . . . arises in Indian country." COHEN'S HANDBOOK OF FEDERAL INDIAN LAW § 7.04[1][a] (Nell Jessup Newton ed., 2012); see also Weeks Constr., Inc. v. Oglala Sioux Hous. Auth., 797 F.2d 668, 672 (8th Cir. 1986). The interpretation of federal law must be central to the resolution of the case. See Longie v. Spirit Lake Tribe, 400 F.3d 586, 590 (8th Cir. 2005).

"Jurisdiction to resolve internal tribal disputes [and] interpret tribal constitutions and laws . . . lies with Indian tribes and not in the district

courts."  In re Sac & Fox Tribe of Miss. in Iowa/Meskwaki Casino Litig., 340

F.3d 749, 763 (8th Cir. 2003).  "[T]ribal election disputes, like tribal elections,

are key facets of internal tribal governance and are governed by tribal

constitutions, statutes, or regulations."  Attorney's Process and Investigation

Servs., Inc. v. Sac & Fox Tribe of Miss. in Iowa, 609 F.3d 927, 943 (8th Cir.

2010) (internal quotation omitted).  Tribal election disputes are therefore "non-

justiciable intra-tribal matter[s]."  In re Sac & Fox Tribe, 340 F.3d at 764.

"[T]hey fall within the exclusive jurisdiction of tribal institutions."  Attorney's

Process, 609 F.3d at 943.

Ms. Whalen's complaint challenging the procedures and outcome of the

2020 OST election is a tribal election dispute that is an entirely intra-tribal

matter.  Ms. Whalen presents no federal question, and the court lacks subject

matter jurisdiction to address the merits of the case.  Resolution of the dispute

falls within the exclusive jurisdiction of the OST.

The court may not exercise jurisdiction over this case for an additional

reason, which is that, absent a waiver, the Oglala Sioux Tribe enjoys sovereign

immunity.  "Indian tribes have long been recognized as possessing the

common-law immunity from suit traditionally enjoyed by sovereign powers."

Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978).  Therefore, "[a]s a

matter of federal law, an Indian tribe is subject to suit only where Congress has

authorized the suit or the tribe has waived its immunity."  Kiowa Tribe of Okla.

v. Mfg. Techs., Inc., 523 U.S. 751, 754 (1998).  A waiver "may not be implied,

but must be unequivocally expressed by either the Tribe or Congress."  Rupp v.

Omaha Indian Tribe, 45 F.3d 1241, 1244 (8th Cir. 1995).  Furthermore, claims

against tribal defendants in their official capacities effectively function as suits

against the tribe.  See Lewis v. Clarke, 137 S. Ct. 1285, 1291 (2017) (stating

"an official-capacity claim . . . is only nominally against the official and in fact

is against the official's office and thus the sovereign itself").  Accordingly, a

tribe's sovereign immunity extends to the official-capacity defendants in such

cases.  See id.  "Sovereign immunity is a jurisdictional question: if the Tribe

possesse[s] sovereign immunity, then the district court ha[s] no jurisdiction."

Rupp, 45 F.3d at 1244.

The Tribal Council is the governing body of the OST.  OST CONST. art. III,

§ 1.  The Executive Committee is comprised of the OST President and Vice

President, as well as a Secretary, Treasurer and Fifth Member, and it is

charged with "act[ing] on behalf of the Tribal Council when the Tribal Council

is not in session and . . . be[ing] in charge of all routine matters that arise

during such recess . . . and such other matters as may be delegated to it by the

Tribal Council."  Id. art. XIII, § 6.  The Election Commission is an "independent

regulatory agency of the [OST] that is responsible for overseeing the election

process as provided in th[e] Election Code."  OST Election Code, Ordinance No.

20-13, § 4.  At all times relevant to Ms. Whalen's allegations, the named

defendants were acting in their official capacities as members, officers or

commissioners of the Tribal Council, Executive Committee and Election

Commission, respectively.  The OST has not waived its immunity from suit,

and therefore the court may not exercise jurisdiction over this case.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's application to proceed without prepaying fees

or costs (Docket 2) is granted.

IT IS FURTHER ORDERED that defendants' motions to dismiss (Dockets

7 & 9) are granted.

IT IS FURTHER ORDERED that the complaint in this case (Docket 1) is

dismissed without prejudice.

Dated September 20, 2021.

BY THE COURT:

/s/ *Jeffrey L. Viken*

JEFFREY L. VIKEN
UNITED STATES DISTRICT JUDGE

8